UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Robert W. Hasel, and ABCO Research, LLC,

Plaintiffs,

v.

Pulpdent Corporation, a Massachusetts corporation,

Defendant.

Civil File No. 01-2008 DSD/FLN

**STIPULATION AND PROTECTIVE ORDER**

THE PARTIES HEREBY AGREE TO THE FOLLOWING:

The parties to this action anticipate that during discovery, they will be seeking from each other, and from third parties not directly involved with this litigation, information which the party producing such information (hereinbelow, the "producing party") considers to be a trade secret, confidential technical or financial information, or otherwise confidential information. Accordingly, the parties agree to entry of the following order.

1. The parties shall permit the inspection by the other party and/or their attorneys of certain documents and things which contain or comprise confidential business information, trade secret information, know-how, and/or other confidential commercial information in accordance with the provisions of this Stipulation and Protective Order. As used herein, the



FILED 4-25-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

term "attorneys" means counsel of record. The provisions of this order shall apply to all discovery in this litigation and may be invoked by any party providing information during discovery, including the parties to the litigation and third parties not directly involved in the litigation.

2. A producing party may designate any confidential document or thing hereafter produced by it during discovery as "CONFIDENTIAL" by stamping or otherwise applying the above designation on each page or part considered confidential contained in the document or thing.

3. Any document or thing designated "CONFIDENTIAL" (as well as the material and/or data contained therein) shall remain confidential and shall be used solely for the purpose of this litigation, and no party or its attorneys shall in any manner, directly or indirectly, transfer or disclose any other party's documents designated "CONFIDENTIAL" or copies of those documents or communicate orally or in writing any of the data contained in those documents to any person other than those specified in Paragraph 4 (below).

4. With respect to any documents or things designated "CONFIDENTIAL," access shall be limited to:

(a) the Court and its officers, including any jury that may be empaneled;

(b) the attorneys for the parties as defined in paragraph 1 above (including their office associates, legal assistants, and stenographic and clerical employees);

(c) employees of the parties; and

(d) outside independent persons(i.e. persons, including entities, not an officer, director, or employee of any party) who shall be residents of the United States and subject to the jurisdiction of the Court, as are retained by each party or their attorneys, to furnish technical or expert services and/or give testimony with respect to the subject matter thereof for trial of this action.

Prior to receiving confidential information, each person falling in categories 4(c) and 4(d) above who is to see the confidential information shall execute a "DECLARATION" in the form attached hereto as Exhibit A acknowledging that he/she has been informed of this Stipulation and Protective Order and that: (i) the signatory has read and understands this Stipulation and Protective Order, (ii) the signatory understands that disclosures of the documents and information designated as "CONFIDENTIAL" may constitute contempt of court; and (iii) a statement that the signatory consents to the exercise of personal jurisdiction by this Court. It shall be the obligation of the receiving party and its counsel to obtain and maintain copies of such declarations.

5. A producing party shall have the right to designate documents or portions of documents as "CONFIDENTIAL-ATTORNEYS' EYES ONLY". Disclosure of such information shall be limited to attorneys as that term is defined above, as well as the necessary support personnel of attorneys. Documents or portions of documents may be designated as "CONFIDENTIAL-ATTORNEYS EYES ONLY" if such documents or portions of documents contain information relating to highly confidential or sensitive

matters, including but not limited to, for example:

(a) technical formulas, formulations or compositions of products,

(b) marketing or financial information of the producing party,

(c) dollar or unit volume data for sales of the producing party, or

(d) information identifying customers or suppliers of the producing party.

6. If counsel for any party finds it necessary to disclose "CONFIDENTIAL-ATTORNEYS' EYES ONLY" materials to any person falling in the categories of subparagraphs 4(c) and 4(d) above, the name of each person(s) who is to receive such information, a description of that person's relationship to the party, and an identification of the documents to be disclosed shall be furnished to counsel for the party whose "CONFIDENTIAL-ATTORNEYS' EYES ONLY" materials is sought to be disclosed prior to making that disclosure in sufficient time (not less than two (2) weeks) for the party to object and to seek further protection should that party deem the protection necessary. It is contemplated that the parties may disclose "CONFIDENTIAL-ATTORNEYS' EYES ONLY" materials to consulting experts after prior notice in accordance with this paragraph, and that consent to that disclosure will not be unreasonably withheld. Once objection has been made, there shall be no disclosure to the person(s) until the matter is resolved. Any person to whom the disclosure is to be made shall execute a "DECLARATION" in the form attached hereto as Exhibit B, acknowledging that he or she has been informed of this Stipulation and Protective Order and that: (i) the signatory has read and understands this



04/17/02 15:08 FAX 6123408856 DORSEY

Stipulation and Protective Order, (ii) the signatory understands that disclosures of the documents and information designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may constitute contempt of Court; and (iii) a statement that the signatory consents to the exercise of personal jurisdiction by this Court. It shall be the obligation of the receiving party and its counsel to obtain and maintain copies of such declarations.

7. Control, retention, and distribution of all material marked as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be the responsibility of the attorneys of record. The attorneys shall ensure that all copies, abstracts, digests, analysis, or other synopsis of confidential information shall be appropriately marked "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" and shall be subject to all the provisions of this protective order.

8. Any deposition or portion thereof taken in this matter may be designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" and shall be sealed and all persons shall be prohibited from disclosing the testimony so designated subject to the exceptions specified under Paragraphs 4 through 6 herein. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within ten (10) calendar days of receipt of the transcript.

9. The deposition of any witness (or any segment thereof) which contains confidential information will be taken only in the presence of attorneys for the parties, the court or stenographic reporter, and persons who have signed a "Declaration" in the form of

Exhibits A and/or B and are qualified to have access to confidential information in accordance with Paragraphs 4 through 6 herein.

10. The inadvertent or unintentional disclosure of discovery material by a producing party of information it considers "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall not be deemed a waiver in whole or in part of that party's claim of confidentiality, either as to the specific document, material or information disclosed or as to any other document, material or information relating thereto. Any such inadvertently or unintentionally disclosed discovery material shall be designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" in conformance with this Order as soon as reasonably possible after the producing party becomes aware of the erroneous disclosure and shall thereafter be treated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." Disclosure of such discovery material by a party prior to the later "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation shall not be deemed a violation of the Order. In addition, should a party determine that a document or material subject to privilege or immunity from discovery has been produced inadvertently, he, she or it shall bring it to the attention of the receiving party as soon as reasonable possible after the producing party becomes aware of the error. The inadvertently disclosed document or material and all copies shall either be returned to the responding party or destroyed, in which case the receiving party shall represent that the documents(s) has been destroyed, and such disclosure shall not result in the waiver of any

associated privilege.

11. A party filing with the court material designated as "CONFIDENTIAL" material or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall submit that material in a sealed envelope marked as follows:

SUBJECT TO PROTECTIVE ORDER
Court File No. 01-2008 DSD/FLN
CONTAINS CONFIDENTIAL INFORMATION
TO BE OPENED ONLY AS DIRECTED BY THE COURT

12. In the event that a "CONFIDENTIAL" material or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material is used before the Court in connection with this action, it shall not lose its "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

13. Within thirty (30) days of the termination of this litigation each party shall return to the producing person or party all documents and materials designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" and all copies thereof and shall destroy all extracts, summaries, and/or data taken from such documents. A certification shall be forwarded as to such return and destruction as contemplated herein within the 30-day period.

14. The receiving party herein may request a change in the designation of any information designated as 'CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move this Court for appropriate relief. The party asserting that the material is confidential or requesting modification of this Stipulation and Protective Order will have

the burden of proving that the information in question is within the scope of protection afforded by Rule 26(c)(7) of the Federal Rules of Civil Procedure.

15. The provisions of this Stipulation and Protective Order shall also apply to answers to interrogatories which are designated as containing or comprising confidential information.

16. Any party for good cause shown may apply to the Court for a modification of this Stipulation and Protective Order.

17. The designation of anything as confidential information pursuant to this order shall not be construed as a concession by either party that such information is relevant or material to any issue in this case or otherwise discoverable, or is in fact a trade secret or confidential.

18. This Stipulation and Protective Order will survive the termination of this legal action, and this Court will retain jurisdiction to enforce the terms of this Order following the termination of the litigation.

Stipulated and Agreed to:

Dated: 4/22/02

DORSEY & WHITNEY LLP

By [signature]
Ronald J. Brown (#12129)
William A. Dossett (#237930)
Scott A. Marks (#295693)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

Attorneys for Plaintiffs

Dated: 4-17-02

LEE & HOLLANDER

By [signature]
William H. Lee (pro hac vice)
287 Hanover St.
Boston, MA 02113
Telephone: (617) 742-0400

Attorney for Defendant

SO ORDERED:

[signature]
The Honorable Franklin L. Noel
Chief Magistrate Judge
United States District Court

**Exhibit A**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert W. Hasel, and ABCO Research, LLC,

Plaintiffs,

v.

Pulpdent Corporation, a Massachusetts corporation,

Defendant.

Civil File No. 01-2009 JMR/FLN

**DECLARATION OF ____________________**

I, ____________________________, declare as follows:

1. I have read and understand the attached Stipulation and Protective Order concerning "CONFIDENTIAL" information entered in this matter and understand its contents.

2. I understand that unauthorized disclosure of the documents and information designated as "CONFIDENTIAL" may constitute contempt of Court.

3. I consent to the exercise of personal jurisdiction by this Court in connection with this Declaration and my obligations under this Stipulation and Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ______________________ ______________________

Declarant

**Exhibit B**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert W. Hasel, and ABCO Research, LLC,

Plaintiffs,

v.

Pulpdent Corporation, a Massachusetts corporation,

Defendant.

Civil File No. 01-2009 JMR/FLN

**DECLARATION OF ____________________**

I, ______________________________, declare as follows:

1. I have read and understand the attached Stipulation and Protective Order concerning "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information entered in this matter and understand its contents.

2. I understand that unauthorized disclosure of the documents and information designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may constitute contempt of Court.

3. I consent to the exercise of personal jurisdiction by this Court in connection with this Declaration and my obligations under this Stipulation and Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ____________________ ____________________________

Declarant