UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-2008(DSD/FLN)

Robert W. Hasel and
ABCO Research LLC,

Plaintiffs,

v.

**ORDER**

Pulpdent Corporation, a
Massachusetts corporation,

Defendant.

David N. Fronek, Esq., Ronald J. Brown, Esq., William A. Dossett, Esq., Christopher A. Young, Esq., Scott A. Marks, Esq. and Dorsey & Whitney, 50 Sixth Street South, Suite 1500, Minneapolis, MN 55402-1498; Theresa K. Hankes, Esq., Dorsey & Whitney, 4 Embarcadero Center, Suite 3400, San Francisco, CA 94111 counsel for plaintiffs.

David A. Davenport, Esq. Marvin C. Ingber, Esq. and Winthrop & Weinstine, 60 South Sixth Street, Suite 3000, Minneapolis, MN 55402-4430, counsel for defendant.

This matter is before the court upon the post-trial motions of plaintiffs and defendant. Plaintiffs move for a permanent injunction and a finding of exceptional circumstances with a corresponding award of attorneys' fees. Defendant moves for a stay of injunction, renews its motion for a judgment as a matter of law and moves alternatively for a new trial. Defendant also moves for a finding of exceptional circumstances and attorneys' fees. For the following reasons, plaintiffs' motion for a permanent

FILED JAN - 6 2004
Richard D. Sletten, CLERK
Judgment Ent'd. ______
Deputy Clerk's Initials ______

injunction is granted and its motion for attorneys' fees is denied. Defendant's motions for a stay of injunction, judgment as a matter of law, new trial, finding of exceptional circumstances and attorneys' fees are denied.

**BACKGROUND**

This patent infringement suit came on for jury trial on August 12, 2003, and was tried through August 25, 2003. At the conclusion of deliberations, the jury returned a special verdict finding that defendant had infringed plaintiffs' patents, including claims 7-8, 10-14, 20 and 27-38 of U.S. Patent No. 5,944,527 ("the '527 patent") and claims 1-9 and 15-21 of U.S. Patent No. 6,315,567 ("the '567 patent").[1]

The jury found that a particular public use of the invention by plaintiff Robert Hasel prior to the critical date of October 6, 1993, embodied all the patent claims asserted by plaintiffs in the

---

[1] Before the matter was given to the jury, the court ruled as a matter of law that defendant had infringed claims 1-6, 15-19 and 22 of the '527 patent and claims 10-14 of the '567 patent. The court also ruled on various Rule 50 motions presented by each of the parties. The court denied plaintiffs' motion for a judgment of infringement as a matter of law on claims 7-8, 10-14, 20 and 27-38 of the '527 patent and claims 1-9 and 15-21 of the '567 patent. The court granted plaintiffs' motions striking defendant's invalidity defenses based on anticipation, obviousness and non-inventorship, as well as defendant's claim of inequitable conduct, because there was insufficient evidence upon which a reasonable juror could have found in defendant's favor on those theories. However, the court granted defendant's motion for a judgment as a matter of law that plaintiff had failed to present clear and convincing evidence of willful infringement.

patents in suit. However, the jury also found that the prior use was experimental as to every asserted claim. The jury additionally found that plaintiff Robert Hasel did not make a commercial sale or offer for sale of the invention as claimed in any of the asserted patent claims under the '527 or the '567 patent. Therefore, all the asserted patent claims were deemed valid. Finally, the jury found that defendant's sales of its infringing product totaled $385,497, that a reasonable royalty rate on defendant's infringing sales was eighteen percent, and that plaintiffs' damages were $69,389. The jury also found that a reasonable amount of interest on that royalty was $2,775.

Based on the verdict, plaintiff now moves to enjoin defendant from continued infringement. Plaintiff also asserts that attorneys' fees are appropriate, arguing that alleged litigation misconduct by defendant makes the case exceptional. Defendant seeks to overturn the verdict or to re-try the issue of experimental use. Defendant also claims that the case is exceptional, albeit for other reasons, and that it is therefore entitled to attorneys' fees.

## DISCUSSION

## I. Plaintiffs' Motion for Permanent Injunction

### A. Availability of Injunctive Relief

Plaintiffs move for a permanent injunction enjoining defendant from making, using, selling or offering to sell any product infringing upon the claims of the '527 and '567 patents. Defendant requests that the court deny the motion or stay any injunctive relief pending resolution of its motion for judgment as a matter of law or for new trial. Alternatively, defendant asks the court to limit the scope of any injunction it may order.

The patent statutes permit the district court to issue an injunction where necessary to prevent the violation of an inventor's patent rights. See 35 U.S.C. § 283. Because irreparable harm may be presumed where infringement has been shown and the patent is deemed valid, injunctive relief is generally appropriate. See Richardson v. Suzuki Motor Co., 868 F.2d 1226, 1247 (Fed. Cir.), cert. denied, 493 U.S. 853 (1989). Nonetheless, the court must be guided by traditional equitable considerations when determining whether an injunction should issue, and if so, its proper scope. See W.L. Gore & Assoc., Inc. v. Garlock, Inc., 842 F.2d 1275, 1281 (Fed. Cir. 1988) (citing Windsurfing Int'l, Inc. v. AMF, Inc., 782 F.2d 995, 1002-03 (Fed. Cir. 1986)).

**B. Defendant's Motion for a Stay of Injunction**

Defendant asks the court to stay any injunctive relief pending its ruling on defendant's motion for judgment as a matter of law or new trial. Because those motions are denied, as set forth below, defendant's motion cannot be granted on that basis.

Defendant also moves for a stay pending appeal. Under Rule 62, the district court has discretion to stay an injunction pending appeal. See Fed. R. Civ. P. 62(c). The court may stay the injunction if the party seeking the stay is likely to succeed on appeal, will suffer irreparable harm absent the stay and other parties, including the public, will suffer no substantial harm if a stay is granted. See Reserve Mining Co. v. United States, 498 F.2d 1073, 1076-77 (8th Cir. 1974). The first factor is a matter of practicality. "[A] stay should not ordinarily be granted if the court determines that the injunction will ultimately take effect in any event." Id. at 1077. The remaining factors are equitable and require a balancing of the economic interests of the litigants and the general interests of the public. See id.

Here, defendant fails to demonstrate that it is likely to succeed on appeal. Defendant claims that "it has clearly set forth *at least a substantial legal question if not a strong showing of likelihood of success* regarding validity of the patents in suit." (Def.'s Mem. Opp'n Pls.' Mot. Perm. Injunction at 2 (emphasis added).) Rule 62 requires "a strong showing" of likelihood of

success, not merely the existence of a substantial legal question. Reserve Mining, 498 F.2d at 1076.

As for the remaining factors, defendant will no doubt be adversely impacted by an injunction. However, defendant's infringement has caused, and will continue to cause, irreparable harm to plaintiffs. See Richardson, 868 F.2d at 1247. Defendant proposes to continue infringing under circumstances where monetary damages are generally deemed inadequate. See Atlas Powder Co. v. Ireco Chem., 773 F.2d 1230, 1233 (Fed. Cir. 1985). A stay of the injunction would further "deny [plaintiffs'] right to exclude others from the use of [their] property." Richardson, 868 F.2d at 1246-47. Moreover, any harm defendant may suffer from an injunction results only from the inability to continue infringing. A party whose business is based upon infringement "cannot be heard to complain if an injunction against continuing infringement destroys the business so elected." Windsurfing Int'l, 782 F.2d at 1003 n.12. Finally, defendant contends that the public benefits from more, rather than fewer, product options. However, the evidence at trial showed that a number of competing products exist in the market. For those reasons, a stay pending appeal is not appropriate and defendant's motion is denied.

**C. Defendant's Motion to Limit the Scope of the Injunction**

Defendant alternatively asks that if the court finds injunctive relief appropriate, it nonetheless allow defendant to

continue marketing its product for non-infringing uses. Defendant proposes to accomplish that by modifying its product literature. Defendant promises to remove any references to infringing uses and to include an affirmative statement against such uses. It also seeks to retain use of its trade name, Flows-Rite®. Plaintiffs argue that because defendant's product infringes both composition claims and method claims, the fact that the infringing product can be used for non-infringing purposes is irrelevant. Plaintiff also points out that it is not seeking to enjoin defendant's legitimate use of its trade name, but only its infringing activities.

The court agrees with plaintiff that defendant's proposed modification of its product literature will not sufficiently undo more than four years of infringement. Users who have utilized defendant's product in infringing applications are not likely to discontinue such uses. Therefore, the injunction applies to FlowsRite® in its current configuration or any subsequent configuration, as well as any other product or process of defendant, that infringes one or more system or method claims of plaintiffs' patents. Non-infringing compositions and methods, whether marketed as Flows-Rite® or under any other mark, are not prohibited.

## II. Defendant's Renewed Motion for Judgment as a Matter of Law or in the Alternative, for a New Trial

### A. Defendant's Motion for Judgment as a Matter of Law

Defendant renews its motion for a judgment as a matter of law that plaintiffs' patents are invalid based on prior public use or sale. An invention cannot be patented if it was in public use or on sale more than one year prior to the date of the patent application. See 35 U.S.C. § 102(b). Application of section 102(b) is negated when the prior use or sale was primarily for purposes of experimentation. See Monon Corp. v. Stoughton Trailers Inc., 239 F.3d 1253, 1258 (Fed. Cir. 2001). Defendant agrees with the jury's finding that the invention as embodied in all the patented claims was in public use more than one year before the date of the patent application. However, defendant disagrees with the jury's conclusion that the prior use was experimental. Defendant also disagrees with the jury's finding that the invention was not the subject of a commercial sale prior to the statutory bar date.

The court will set aside a jury verdict only if after analyzing the evidence in the light most favorable to the verdict, the court finds the evidence is "susceptible of no reasonable inference" supporting the jury's conclusion. White v. Pence, 961 F.2d 776, 779 (8th Cir 1992). It was plaintiffs' burden to prove infringement by a preponderance of the evidence. See Mannesmann Demag Corp. v. Engineered Metal Prods. Co., 793 F.2d 1279, 1282

(Fed. Cir. 1986). It was defendant's burden to prove invalidity by clear and convincing evidence. See Hycor Corp. v Schluerter Co., 740 F.2d 1529, 1536-37 (Fed. Cir. 1984). The jury found that plaintiffs carried their burden and that defendant did not.

The question of invalidity based on public use or sale before the statutory date "is a question of law based on underlying facts." Netscape Comm. Corp. v. Konrad, 295 F.3d 1315, 1320 (Fed. Cir. 2002). Defendant argues that plaintiff Hasel's testimony as to his subjective experimental intent is of little evidentiary value. See EZ Dock v. Schafer Sys., Inc., 276 F.3d 1347, 1355 (Fed. Cir. 2002). Rather, the court must "look to the totality of the circumstances when evaluating whether there has been a public use within the meaning of section 102(b)." Netscape, 295 F.3d at 1320. Applying that approach, the court concludes that the jury's findings are well supported by the evidence adduced at trial.[2]

Mindful that it was defendant's burden to prove invalidity by clear and convincing evidence and that the court will overturn the jury only where there is no reasonable inference supporting the verdict, the court finds no reason to upset the verdict. See

[2] A two-part test is applied to determine whether a patent is invalidated by a prior sale. See EZ Dock, 276 F.3d at 1351. The court must determine whether prior to the critical date 1) the invention was the subject of a commercial sale or offer for sale, and 2) that the invention was ready to be patented at that time. See id. An invention is not the subject of a commercial sale if it is provided to a potential customer for the primary purpose of determining that it works, even if the inventor incidentally derives profit from the transaction. See id. at 1352.

Hycor, 740 F.2d at 1536-37; Pence, 961 F.2d at 779. Most, if not all, of the objective indicators of experimental use recognized by the Court of Appeals for the Federal Circuit fall in plaintiffs' favor. See Allen Engineering Corp. v. Bartell Indus., 299 F.3d 1336, 1353 (Fed. Cir. 2002) (setting forth thirteen objective criteria demonstrating experimental use). Experimentation was clearly necessary and sufficiently controlled. Because durability is a necessary element of the invention, testing over a period of two or more years was appropriate. See EZ Dock, 276 F.3d at 1353 (permitting extended experimentation when the nature of the invention requires durability). Patients were charged a fee, but only for the service performed. They were charged the same rate others were charged for similar, non-experimental services. See Manville Sales Corp. v. Paramount Sys., Inc., 917 F.2d 544, 550 (Fed. Cir. 1990) (if primary purpose is experimentation rather than commercial exploitation, sale of the invention does not defeat the experimental exception to the one-year statutory bar). Records were kept and the work was performed by the inventor. Plaintiff did not commercially exploit the experimental invention and patients were not solicited on the basis of the invention. Finally, the invention required evaluation under actual conditions of use. See EZ Dock, 276 F.3d at 1352 (citing Gould v. United States, 579 F.2d 571, 583 (Fed. Cir. 1978)). The majority of these factors fall in plaintiffs' favor and it cannot be said that the

verdict is unsupported by the evidence. Therefore, defendant's motion for judgment as a matter of law is denied.

**B. Motion for a New Trial**

Alternatively, defendant moves pursuant to Rule 59 for a new trial on the issue of experimental use. See Fed. R. Civ. P. 59(a)(1). A different standard applies to motions for new trial. See Pence, 961 F.2d at 779. The court may weigh the evidence, consider the credibility of witnesses and grant a new trial "'even where there is substantial evidence to sustain the verdict.'" Id. at 780 (quoting Ryan v. McDonough Power Equip., 734 F.2d 385, 387 (8th Cir. 1984)). However, the court may not simply substitute its judgment for that of the jury, but rather, it should grant a new trial only to prevent a fundamental miscarriage of justice. See Pence, 961 F.2d at 779; Fireman's Fund Ins. Co. v. Aalco Wrecking Co., 466 F.2d 179, 186 (8th Cir. 1972). Where the facts are not especially complex, the legal principles are not likely to confuse the jurors and "reasonable men may differ" as to the correct outcome, the verdict must stand. Id. at 187.

Having heard the testimony and observed the evidence in the case, the court is left with the conviction that there has been no miscarriage of justice. While patent cases are often complex, the factual questions regarding prior public use or sale and experimentation were not so difficult in this case as to cast doubt upon the jury's verdict. The jury was carefully instructed on

prior public use, prior sale and experimentation. (See Jury Instr. No. 20 & 21.) It was queried on those subjects in regards to every claim in question. (See Special Verdict Form.) The jury's answers to the questions of prior public use or sale and experimentation were supported by the evidence. Therefore, defendant's motion for a new trial on the issue of experimental use is denied.

**III. Plaintiffs' Motion for a Finding of Exceptional Circumstances and Award of Attorneys' Fees**

Reciting a litany of real and perceived pretrial and trial misconduct, plaintiff moves for a finding of exceptional circumstances allowing an award of attorneys' fees. The patent statutes permit the district court to award reasonable attorneys' fees in exceptional cases. See 35 U.S.C. § 285. A party seeking attorneys' fees under § 285 must show by clear and convincing evidence that the case is truly exceptional. See Hoffmann-LaRoche Inc. v. Invamed, Inc., 213 F.3d 1359, 1365 (Fed. Cir. 2000). A finding of exceptional circumstances may be based on unjustified, frivolous or vexatious litigation practices. See id.

Plaintiffs assert that defendant repeatedly responded to discovery requests long after the applicable deadline. Plaintiffs point out that defendant was eventually sanctioned by the magistrate judge, who prohibited defendant from offering expert testimony in response to its discovery violations. (See order of Magistrate Judge Franklin L. Noel, dated Jan. 29, 2003 at 2.) Plaintiffs further assert that defendant failed at trial to

stipulate to facts not in controversy, failed to provide exhibit lists and evidentiary objections in a timely manner, served motions in limine at the last minute seeking to admit the testimony of witness not previously identified in accordance with the Federal Rules of Civil Procedures and the local rules of this district, and pursued affirmative defenses on which it could not possibly prevail. Finally, plaintiffs complain that defendant denied infringement throughout the entire litigation, only to admit at trial that it had knowingly infringed some of the claims of the patents in suit for several years. Plaintiffs accuse defendant of "trial by ambush." (Pls.' Mem. Supp. Atty Fees at 1, 6 & 15.)

The court has frequently commented that it will not countenance violations of either the federal or the local rules. As the court explained to the parties when it ruled on the various motions in limine, the rules serve to ensure fairness to litigants. Like many cases that go to jury trial, this was a hard fought, highly contentious lawsuit. Each party had much at stake. However, the court notes that the magistrate judge found it necessary to compel both parties to comply with the rules governing discovery. (See order of Magistrate Judge Franklin L. Noel dated Jan. 29, 2003.) Moreover, the magistrate judge's decision to sanction defendant, which was warranted, made defendant's case particularly difficult. Because it was unable to present expert testimony, defendant could not offer evidence regarding the state

of the prior art, and therefore could not meet its burden of proof on several of its theories of invalidity. Defendant's attempt to present that evidence through lay testimony, while unsuccessful, was not such misconduct as would justify a finding of an exceptional case. Because the magistrate judge properly sanctioned defendant for its discovery violations, further sanctions are not appropriate.

Defendant's admission of infringement after its longstanding denial is also troubling to the court. Plaintiffs claim that defendant's denials needlessly prolonged the litigation and resulted in unnecessary legal fees and costs. However, plaintiffs also changed their position during the litigation.[3] Defendant prepared a defense to plaintiffs' allegation of infringement of Patent No. 5,547,379 ("the '379 patent") and brought a declaratory counterclaim of invalidity, but was denied the opportunity to challenge the '379 patent. Considering all the circumstances of the litigation, the court does not find this to be an exceptional case. Plaintiffs' motion for that finding and for attorneys' fees is therefore denied.

[3] In their initial complaint, plaintiffs alleged infringement of the '379 patent and the '527 patent, which is a continuation of the '379 patent. Plaintiffs amended the complaint to add the '567 patent after it was issued in November 2001.

## IV. Defendant's Motion for a Finding of Exceptional Circumstances and Award of Attorneys' Fees

Defendant bases its motion for a finding of exceptional circumstances on plaintiffs' allegations of infringement of the '379 patent, which were eventually withdrawn.[4] Defendant argues that the claim was baseless, because plaintiffs failed to test defendant's product to determine whether it read on any of the claims of the '379 patent. Defendant also notes that although plaintiffs sent it a covenant not to sue on the '379 patent in November 2002, the allegations of infringement of that patent remained in plaintiffs' complaint until just before trial. Defendant contends that it "prevailed" on the '379 claims and is entitled to attorneys' fees in accordance with § 285.

Plaintiffs respond that (1) the allegations of infringement of the '379 patent were based upon the opinion of their expert, (2) any delay in withdrawing the allegations resulted from defendant's dilatory discovery practices, and (3) plaintiffs had offered to withdraw the allegations if defendant would confirm under oath that its product did not contain 30 - 70 percent fumed silica, which defendant did not do until November 2002. Plaintiffs further contend that by providing the covenant not to sue on the '379 patent, they rendered any threat of suit on that patent moot,

---

[4] In addition to preparing to defend against the '379 allegations, defendant filed a counterclaim for a declaratory judgment of invalidity of the '379 patent. (Answer and Countercl. at 4-5.)

notwithstanding the continued existence of that very claim in plaintiffs' complaint.

It is apparent to the court that much of the litigation could have been avoided if the parties and their counsel had simply cooperated in the manner contemplated by the Federal Rules of Civil Procedure. See, e.g., Fed. R. Civ. P. 1 (the rules "shall be construed to secure the just, speedy and inexpensive determination of every action"); Fed. R. Civ. P. 26(a) (requiring initial, expert and pretrial disclosures); Fed. R. Civ. P. 26(e) (establishing on-going duty to supplement or amend discovery responses). While it is regrettable that such cooperation did not occur in this case, the court finds that the obdurate conduct of the parties does not justify a finding of exceptional circumstances and attorneys' fees. Therefore, defendant's motion is also denied.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that plaintiffs' motion for a permanent injunction [Doc. No. 159] is granted.

**IT IS FURTHER ORDERED** that:

1. Defendant, its affiliates, parents, subsidiaries, officers, directors, shareholders, employees and agents, including sales representatives, are permanently enjoined and restrained from making, using, selling or offering to sell, under the trade name

Flows-Rite® or any other name, any product that falls within the scope of claims 1-8, 10-20, 22 and 27-38 of U.S. Patent No. 5,944,527 or claims 1-21 of U.S. Patent No. 6,315,567.

2. Within thirty (30) days of the date of this order, defendant shall notify all purchasers of Flows-Rite® of whom it has records that any further use of Flows-Ritc®, as it is presently configured and marketed, will constitute direct infringement of U.S. Patent Nos. 5,944,527 and 6,315,567 and could subject such user to a charge of patent infringement and monetary damages.

3. Within forty-five (45) days of the date of this order, defendant shall file and serve a sworn declaration certifying its compliance with this order, explaining in detail the steps taken to comply with this order, providing a list of all Flows-Rite® products sold between August 11, 2003, and the date of filing and service of such declaration, and providing an itemized listing identifying the quantity of Flows-Rite® presently held in inventory.

4. The court shall retain continuing jurisdiction over this injunction.

5. Defendant's renewed motion for judgement as a matter of law and for a new trial [Doc. No. 165] is denied.

6. Plaintiffs' motion for a finding of exceptional circumstances and award of attorneys' fees [Doc. No. 170] is denied.

7. Defendant's motion for a finding of exceptional circumstances and award of attorneys' fees [Doc. No. 174] is denied.

Dated: January 6, 2004

David S. Doty, Judge
United States District Court