UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-2008(DSD/FLN)

Robert W. Hasel and
ABCO Research LLC,

Plaintiffs,

v.

**ORDER**

Pulpdent Corporation, a
Massachusetts corporation,

Defendant.

David N. Fronek, Esq., Ronald J. Brown, Esq., William A. Dossett, Esq., Christopher A. Young, Esq., Scott A. Marks, Esq. and Dorsey & Whitney, 50 Sixth Street South, Suite 1500, Minneapolis, MN 55402-1498; Theresa K. Hankes, Esq., Dorsey & Whitney, 4 Embarcadero Center, Suite 3400, San Francisco, CA 94111 counsel for plaintiffs.

William H Lee, Esq., Fredda Hollander, Esq. and Lee & Hollander, 287 Hanover Street, Boston, MA 02113-1822 and David A. Davenport, Esq. Marvin C. Ingber, Esq. and Winthrop & Weinstine, 60 South Sixth Street, Suite 3000, Minneapolis, MN 55402-4430, counsel for defendant.

This matter is before the court upon plaintiffs' motion for contempt. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court denies plaintiffs' motion.

## BACKGROUND

This patent infringement suit came on for trial on August 12 through 25, 2003. The jury returned a special verdict finding that

defendant had infringed plaintiffs' patents, including claims 7-8, 10-14, 20 and 27-38 of U.S. Patent No. 5,944,527 ("the '527 patent") and claims 1-9 and 15-21 of U.S. Patent No. 6,315,567 ("the '567 patent"). Based upon that verdict, the court granted plaintiffs' motion for a permanent injunction by order dated January 7, 2004. The order enjoined and restrained:

> Defendant, its affiliates, parents, subsidiaries, officers, directors, shareholders, employees and agents, including sales representatives, ... from making, using, selling or offering to sell, under the trade name Flows-Rite® or any other name, any product that falls within the scope of claims 1-8, 10-20, 22 and 27-38 of U.S. Patent No. 5,944,527 or claims 1-21 of U.S. Patent No. 6,315,567.

(Order of Jan. 7, 2004 at 16-17.)

Following the issuance of the court's order, defendant withdrew its infringing product, Flows-Rite®, from the market. However, on the same day it notified its customers that Flows-Rite would be withdrawn, defendant issued a "new product introduction" notice. (Brown Decl. Ex. E.) The name of the new product was "Flows-Rite SLB." (Id. Ex. E.) The notice indicated that Flows-Rite SLB would be suitable for use as a sealer, liner, base and veneer cement and stated that "Flows-Rite SLB is not recommended for the incremental filling of cavities." (Id. Ex. E.) Defendant admits that the chemical composition of Flows-Rite SLB is identical to that of the original Flows-Rite. (Id. Ex. R at 1.)

Plaintiffs now ask the court to adjudge defendant in contempt of its January order. Plaintiffs pray for their attorneys' fees and expenses, incurred throughout the prosecution of the action, and treble compensatory damages. Plaintiffs also ask that defendant be conditionally fined $1,000,000, the fine to be remitted upon the expiration of the '527 and '567 patents should no further infringement occur.

**DISCUSSION**

Before the court may find defendant in contempt of the injunction, plaintiffs must present clear and convincing evidence of infringement. See Int'l Rectifier Corp. v. Samsung Elecs. Co., Ltd., 361 F.3d 1355, 1359 (Fed. Cir. 2004). The court's January order enjoined defendant from "making, using, selling or offering to sell, under the trade name Flows-Rite® or any other name, any product that falls within the scope of" the claims which defendant was found to have infringed. Thus the court examines the record before it to determine whether plaintiffs have established by clear and convincing evidence that defendant has made, used, sold or offered to sell an infringing product.

Plaintiffs offer no evidence that defendant has made, used or sold Flows-Rite SLB. Rather, plaintiffs argue that an "On-Line Order Form" defendant posted to its website, with an accompanying link to a "Quick Product Guide/Price" page, constituted an offer

for sale. (Second Lee Decl. Exs. B & C.) The phrases "offer for sale" and "offering to sell," as used in 35 U.S.C. § 241(a) and the court's January order, are "to be interpreted according to [their] ordinary meaning in contract law, as revealed by traditional sources of authority." Rotec Indus., Inc. v. Mitsubishi Corp., 215 F.3d 1246, 1255 (Fed. Cir. 2000). Such sources include the Restatement of Contracts and the Uniform Commercial Code ("UCC"). See Rotec, 215 F.3d at 1257 n.5; Enercon GmbH v. Int'l Trade Comm'n, 151 F.3d 1376, 1382 (Fed. Cir. 1998). Guided by those authorities, the court concludes that the content of defendant's website did not constitute an offer for sale.

An "order" which a purchaser places to obtain goods from a merchant is not commonly understood as an acceptance creating a binding contract. Rather, the customer's order is an offer which creates a power of acceptance in the merchant. Indeed, the UCC provides that "an order or other offer to buy goods for prompt or current shipment shall be construed as inviting acceptance...." U.C.C. § 2-206(1)(b) (2003). This passage is instructive for two reasons. First, by referring to "an order or other offer," it reveals that an order is a type of offer. Second, any communication passed from the merchant to the purchaser prior to placement of the order, such as an order form, price list or catalog, cannot constitute an offer, else the transmittal of the order by the purchaser would not "invit[e] acceptance." Rather,

the order would fully consummate the bargain by manifesting the purchaser's acceptance of the merchant's terms. Therefore, viewed through the lens of the U.C.C., defendant's electronic publication of an order form and product guide did not constitute an offer to sell Flows-Rite SLB.

Nor did defendant's order form constitute an offer under the common law of contracts as expressed in the Restatement. At common law, "[a]n offer is the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." Restatement (Second) of Contracts § 24 (1981). Defendant's order form is not sufficiently definite to permit a reasonable offeree to conclude that submission of the form would complete a bargain. First, because the form requires the purchaser to select a preferred dealer, it is not clear with whom the purchaser is bargaining. Second, the prices listed are "suggested prices" which "may vary" and therefore do not suggest that defendant intends to be bound by the submission of an order. Third, the order form makes no provision for selecting methods of payment or shipping. Thus, because it leaves price, payment, shipping and even the identity of the offeror unresolved, defendant's order form does not constitute an offer within the meaning of the common law.

Plaintiffs have therefore failed to prove by clear and convincing evidence that defendant has contravened the court's order, and a finding of contempt is inappropriate.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that plaintiffs' motion for contempt [Docket No. 185] is denied.

Dated: June 24, 2004

s/David S. Doty
David S. Doty, Judge
United States District Court